UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| TEDDY BRANHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 15-16-ART |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| KENTUCKY FUEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Teddy Branham filed a complaint in state court, alleging that he suffered property damage from defendant Kentucky Fuel Corporation's blasting operations. *See* R. 1-1 at 5. Nowhere in his complaint did Branham estimate the damages he incurred. *See id.* (pleading that he experienced property damage that "exceeds the jurisdictional limits" of the state court); *see also id.* (seeking damages for the diminution in value of his property "in an amount in excess of the minimum jurisdictional amounts" in state court). Kentucky Fuel Corporation removed the case to this Court, alleging without proof that the amount-in-controversy exceeded $75,000. *See* R. 1 (invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1)).

Branham then filed a motion to remand. *See* R. 7. In his motion, Branham stipulated that his damages were "significantly less than $75,000." *Id.* at 3. For this reason, Branham argued that jurisdiction in this Court was improper. *Id.* In light of Branham's stipulation, Kentucky Fuel Corporation stated that it had no objection to remanding the case. R. 9.

This Court has held that a post-removal stipulation as to the amount-in-controversy can preclude exercising subject-matter jurisdiction where: (1) the complaint pled an unliquidated amount of damages and (2) the removing defendant offered nothing more than speculation as to

the amount-in-controversy. *See King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 961 (E.D. Ky. 2009). Both conditions are present here. As discussed, Branham did not even estimate in his complaint the amount of damages he suffered. And Kentucky Fuel Corporation did not point to any evidence to support its claim that the amount-in-controversy exceeded $75,000. *See* R. 1.

So Branham established the amount-in-controversy in this case for the first time when he stipulated in his motion to remand that his damages fall short of $75,000. *See King*, 593 F. Supp. 2d at 961. Because that amount-in-controversy is not sufficient to invoke the subject-matter-jurisdiction of this Court, the case must be remanded. *See* 28 U.S.C. § 1332(a) (conferring diversity jurisdiction where the amount-in-controversy exceeds $75,000).

Accordingly, it is **ORDERED** that Branham's motion to remand, R. 7, is **GRANTED**. All other pending motions are **DENIED** as moot, and this case is **REMANDED** to the Pike Circuit Court.

This the 30th day of March, 2015.

Signed By:
*Amul R. Thapar* AT
United States District Judge